**05 CV 6869**

HOEY, KING, TOKER & EPSTEIN
Glen H. Parker (GP - 3534)
Attorneys for Defendant
AMERICAN CRAFT COUNCIL
55 Water Street, 28th Floor
New York, New York 10041
(212) 612-4230



RECEIVED
AUG 0 2 2005
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------x
DONALD ZANONE

                    Plaintiff,

          v.

AMERICAN CRAFT COUNCIL

                    Defendant.
-------------------------------------x

CIVIL ACTION

**NOTICE OF
REMOVAL OF A
CIVIL ACTION**

TO: CLERK OF THE COURT OF THE SOUTHERN DISTRICT OF NEW YORK

**PLEASE TAKE NOTICE** that Defendant, AMERICAN CRAFT
COUNCIL, petitions this Court and hereby removes the above
captioned action pending in the Supreme Court of the State
of New York, New York County, to the United States District
Court for the Southern District of New York, pursuant to
and in accordance with 28 U.S.C.A. Sections 1446.
Removal is proper for the following reasons:

1. This employment discrimination action is pending in
the SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF NEW
YORK, captioned *Donald Zanone v. American Craft Council*,
Index No. 107643/05. Defendant was served with the Summons

and Complaint on or about July 29, 2005.  Thus, this Notice
and Petition of Removal is timely filed within 30 days
after said receipt pursuant to 28 U.S.C.A. Sections 1445 &
1446(b).

2. A true and correct copy of the Summons and
Complaint is annexed hereto as Exhibit "A".  Upon
defendant's information and belief, no other pleadings have
been served, no conferences have been held, and no orders
have been entered.

3. This Court has jurisdiction over this action
pursuant 28 U.S.C.A. Sections 1441 and 1331 which provides
that "the district courts shall have original jurisdiction
of all civil actions arising under the Constitution, laws
or treaties of the United States."

4. Specifically, in this Complaint, plaintiff has
asserted that defendant violated Federal Statutorily
provisions of the Americans with Disabilities Act of 1990
(A.D.A.) 42 U.S.C. Section 12101 et. seq. and the Age
Discrimination in Employment Act ("ADEA"), 29 U.S.C.
Section 621 et. seq. (See Complaint, paragraphs 1 and 36
through 43) and seeks equitable and monetary relief.

5. Plaintiff's other claims arise out of the same set of facts and circumstances and are part of the same case and controversy.  Accordingly, this Court has supplemental jurisdiction over these claims within the meaning of 28 U.S.C. Section 1367(a).

6.  Venue is proper under 28 U.S.C. Section 1441(a) because this Court is the United States District Court for the district and division corresponding to the place where the State-Court action was commenced.

7. Pursuant to 28 U.S.C.A. Section 1446(d), defendant will file a copy of this Notice of Removal with the Clerk of the Supreme Court, New York County, and will serve a copy of the same on counsel for plaintiff.

8. No prior application for the same or similar relief has been made to this or any other court.

WHEREFORE, notice is given that this action is removed from the Supreme Court, New York County to United States District Court for the Southern District of New York.

Dated:      New York, New York
            August 2, 2005

                              HOEY, KING, TOKER & EPSTEIN
                              Attorneys for Defendant
                              **AMERICAN CRAFT COUNCIL**
                              Hoey, King, Toker & Epstein
                              55 Water Street, 28th Floor
                              New York, New York 10041
                              (212) 6??-4200

                              By: _____
                                    Glen H. Parker (GP 3534)

To:
Steven A. Rosen, Esq.
Attorneys for Plaintiff,
Donald Zanone
501 Fifth Avenue
Suite 1900
New York, New York 10017

# EXHIBIT "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------x

DONALD ZANONE,

                              Plaintiff,

        -against-

AMERICAN CRAFT COUNCIL,

                              Defendant.
------------------------------------------------------------x

Index No.  107643/05

Plaintiff designates New York
County as the place of trial.
The basis of venue is
the parties' residence

<u>SUMMONS</u>

Plaintiff's address:
157 Spring Street
New York, NY 10012

County of New York

To the above named Defendant:

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to
serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice
of appearance, on the Plaintiff's attorney within 20 days after the service of this summons, exclusive
of the day of service (or within 30 days after the service is complete if this summons is not
personally delivered to you within the State of New York); and in case of your failure to appear or
answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
        June 1, 2005

                                        _Steven A. Rosen_
                                        Steven A. Rosen, Esq.
                                        Attorney for Plaintiff
                                        501 Fifth Avenue, Suite 1900
                                        New York, New York 10017
                                        (212) 599-3970

Defendant's address:

        American Craft Council
        72 Spring Street
        New York, New York 10012

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------------------------------x

DONALD ZANONE,                     :     Index No.

                 Plaintiff,          :

        -against-            :     **COMPLAINT**

AMERICAN CRAFT COUNCIL,          :

                Defendant.     :
--------------------------------------------------------------------x

       Plaintiff Donald Zanone, by his attorney, Steven A. Rosen, for his Complaint alleges as follows:

### Nature of the Action

1.       This is an action seeking redress for the violation of plaintiff's rights to freedom from discrimination in employment based on age and disability under the New York State Human Rights Law, N.Y. Executive Law § 290, <u>et seq.</u> and the New York City Human Rights Law, N.Y.C. Administrative Code §8-101, <u>et seq.</u>, as well as under the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 <u>et seq.</u> ("A.D.A.") and the Age Discrimination in Employment Act, 29 U.S.C.A. § 621 <u>et seq.</u> ("A.D.E.A.").

2.       Plaintiff was discharged from his position of employment with defendant, where he had worked for nearly twelve years, shortly after he disclosed that he was suffering from a serious incurable medical condition, in violation of statutes prohibiting discrimination based on disability. He was one of several older workers who were discharged within a year's time and replaced by younger workers, as part of defendant's campaign to create a more youthful image, in

1

violation of statutes prohibiting discrimination based on age. Plaintiff seeks injunctive relief and damages, along with costs and attorneys' fees.

<u>Jurisdiction</u>

3.      All conditions precedent to jurisdiction have occurred or been complied with:

a. A charge of employment discrimination on the basis of disability and age was filed with the Equal Employment Opportunity Commission ("EEOC") on June 24, 2004 within 300 days of the termination of plaintiff's employment. A copy is attached hereto as Exhibit A and incorporated by reference herein.

b. A notification of right to sue was issued by the EEOC on March 8, 2005. A copy is attached hereto as Exhibit B.

c. This complaint has been filed within 90 days of receipt of the EEOC's notification of right to sue.

<u>Parties</u>

4.      Plaintiff is a citizen of the State of New York and a resident of New York County. He is 61 years old and is infected with the Human Immunodeficiency Virus ("H.I.V.").

5.      Plaintiff' infection substantially limits his major life activities and he is an individual with disabilities under the ADA.

6.      Defendant American Craft Council ("ACC") is, on information and belief, a not-for-profit corporation, which does business and is headquartered in New York County, New York. From November 1992 until plaintiff's discharge on April 28, 2004, ACC was plaintiff's employer.

2

7.      On information and belief, at all relevant times, ACC employed more than 20 persons and was engaged in a business affecting commerce.

## Plaintiff's Employment at ACC

8.      Plaintiff was hired by ACC as advertising manager for its publication, American Craft magazine, in or about November 1992. He worked in that capacity for nearly 12 years. Plaintiff has worked in various management positions relating to magazine advertising, sales and promotion for over 30 years.

9.      At all times, plaintiff's performance was satisfactory to his employer. He received no negative performance reviews, no disciplinary actions, nor any other indication that his work was unsatisfactory. At all times he reported to editor/publisher Lois Moran, who has worked for ACC for 40 years.

## ACC's Campaign to Create a More Youthful Image

10.     In or about March 2002, ACC hired a new Executive Director, Carmine Branagan.

11.     After she arrived at ACC, Branagan launched a campaign to create a more "youthful" image for ACC, to attract a younger audience and membership.  In pursuit of this campaign, Branagan fired those senior employees who were the most visible representatives of ACC. She began by firing 66-year old Joann Brown, who ran the ACC craft shows for some 30 years, and replaced her with a younger employee. Thereafter, Branagan fired most of the older workers employed by ACC, including some workers who had been in ACC's employ for decades. She has since replaced some or all of these workers with younger employees.

12.     In addition, in further support of her youth campaign, Branagan created and

3

published advertisements and mailing pieces depicting young people to publicize ACC activities. Nearly all of the models she auditioned and hired for this campaign were in their twenties.

<u>Plaintiff's Unlawful Discharge</u>

13.     In January 2004, in connection with a bout of illness, plaintiff informed ACC of his H.I.V. positive status.

14.     Only a few months later, on April 28, 2004, Branagan fired plaintiff and had him physically evicted from the ACC premises.

15.     Although there had been no talk of restructuring before plaintiff was fired, Branagan, under the pretext of "restructuring," gave plaintiff's job a new title and hired a friend of hers, who, on information and belief is younger than plaintiff and who is not HIV positive, to fill it and replace him.

16.     Although plaintiff has significant experience in doing the kind of work that his successor is doing, plaintiff was never offered an opportunity to apply or interview for the "new" position. In fact, he wasn't informed about it until Branagan fired him.

17.     ACC's actions have unlawfully and unfairly deprived plaintiff of income and benefits due to him, and damaged his career. On information and belief, his lost wages and benefits and other damages total in excess of one million dollars.

18.     All of the foregoing acts of ACC have caused and shall continue to cause irreparable injury to plaintiff.

19.     Plaintiff has no adequate remedy at law.

4

First Cause of Action
(New York State Human Rights Law - Disability Discrimination)

20.     Plaintiff repeats and realleges paragraphs 1 through 19 above as if fully set forth herein.

21.     The aforesaid conduct of defendant ACC constituted unlawful discrimination against plaintiff on the basis of disability in violation of the New York State Human Rights Law, N.Y. Executive Law § 290 et seq.

22.     As a result of defendant's discrimination against him, plaintiff has suffered damage, including without limitation, deprivation of income and benefits, and the unlawful termination of his employment, as well as emotional pain, suffering, inconvenience, mental anguish, humiliation and damage to his reputation and career.

23.     As a result of the foregoing, plaintiff is entitled to reinstatement to his position of employment with ACC, backpay with interest, and compensatory damages and punitive damages, in an amount to be proved at trial, exceeding one million dollars.

Second Cause of Action
(New York State Human Rights Law - Age Discrimination)

24.     Plaintiff repeats and realleges paragraphs 1 through 19 above as if fully set forth herein.

25.     The aforesaid conduct of defendant ACC constituted unlawful discrimination against plaintiff on the basis of age in violation of the New York State Human Rights Law, N.Y. Executive Law § 290 et seq.

26.     As a result of defendant's discrimination against him, plaintiff has suffered damage, including without limitation, deprivation of income and benefits, and the unlawful

5

termination of his employment, as well as emotional pain, suffering, inconvenience, mental anguish, humiliation and damage to his reputation and career.

27.     As a result of the foregoing, plaintiff is entitled to reinstatement to his position of employment with ACC, backpay with interest, and compensatory damages and punitive damages, in an amount to be proved at trial, exceeding one million dollars.

## Third Cause of Action
### (New York City Human Rights Law: Disability Discrimination)

28.     Plaintiff repeats and realleges paragraphs 1 through 19 above as if fully set forth herein.

29.     The aforesaid conduct of defendant ACC constituted unlawful discrimination against plaintiff on the basis of disability in violation of the New York City Human Rights Law, N.Y.C. Administrative Code §8-107, et seq.

30.     As a result of defendants' discrimination against him, plaintiff has suffered damage, including without limitation, deprivation of income and benefits, and the unlawful termination of his employment, as well as emotional pain, suffering, inconvenience, mental anguish, humiliation and damage to his reputation and career.

31.     Plaintiff is entitled to reinstatement to his position of employment with ACC, backpay with interest, and compensatory and punitive damages, in an amount to be proved at trial exceeding one million dollars.

## Fourth Cause of Action
### (New York City Human Rights Law: Age Discrimination)

32.     Plaintiff repeats and realleges paragraphs 1 through 19 above as if fully set forth herein.

6

forth herein.

41.     Defendant discharged plaintiff from his position of employment on account of his age in violation of the A.D.E.A.

42.     As a result of the foregoing, plaintiff is entitled to recover an amount to be proved at trial in excess of one million dollars.

43.     In addition, plaintiff is entitled to recover liquidated damages and his reasonable attorneys' fees.

WHEREFORE, plaintiff respectfully requests that this Court enter judgment

a)     reinstating him to his former position of employment;

b)     awarding plaintiff backpay, compensation for lost benefits, and other damages;

c)     awarding liquidated damages as provided by law;

d)     awarding punitive damages for ACC's intentional misconduct; and

e)     awarding plaintiff his costs and attorneys' fees,

along with such other and further relief as this Court may deem just, reasonable, and proper.

Dated: New York, New York
       June 1, 2005


_____
STEVEN A. ROSEN, ESQ.
Attorney for Plaintiff
501 Fifth Avenue, Suite 1900
New York, New York 10017
(212) 599-3970

8